UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04099-SEB-MPB |
| ) | |
| WELLPATH, LLC, ) | |
| BREYONNA JOHNSON, ) | |
| SHAWNDRA QUINN, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RELINQUISHING JURISDICTION OF STATE-LAW CLAIMS**

Plaintiff James Snyder ("Mr. Snyder"), brings this action as Guardian and Next Friend of Timothy Snyder ("Timothy"), his brother who suffers from severe mental illness and received allegedly inadequate medical care while incarcerated at Marion County Jail. Mr. Snyder has alleged § 1983 claims against defendants Nurses Shawndra Quinn and Breyonna Johnson, Indiana state-law negligence claims against Nurse Johnson and Wellpath, LLC, and Indiana state-law vicarious liability claims of negligence against Wellpath.

Presently pending before the Court is the defendants' motion for summary judgment on Mr. Synder's claims. For the reasons below, the Court **GRANTS** the defendants' motion, dkt. [115], insofar as Mr. Snyder's § 1983 claims are **DISMISSED with prejudice** and Mr. Snyder's state-law negligence and vicarious liability claims are **DISMISSED without prejudice**.

**II.
DISCUSSION**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no

genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

Here, a lengthy recitation of the material facts is neither necessary nor helpful to the Court's ruling on the pending motion. As discussed in more detail below, the parties agree to a dismissal with prejudice on Mr. Snyder's § 1983 claims, and the Court declines to exercise supplemental jurisdiction on the remaining state-law claims.

### A. Federal Claims

First, the defendants argue that Nurse Quinn and Johnson are entitled to summary judgment on Mr. Snyder's § 1983 claims because the undisputed evidence shows that their limited involvement in Timothy Snyder's care was not objectively unreasonable. *See* dkt. 116 at 14-18. In response to the defendants' motion, Mr. Snyder has indicated that he does not object to a grant of summary judgment on his § 1983 claims against Nurses Quinn and Johnson. *See* dkt. 120 at 5-6. Rather, he asks only that the defendants' motion at Docket No. 115 "be denied as to the Indiana law claims against Nurse Johnson and Wellpath, LLC." Dkt. 120 at 8. Accordingly, the Court **GRANTS** the defendants' motion, dkt. [115], insofar as the Court grants judgment as a matter of law in the defendants' favor on Mr. Snyder's § 1983 claims.

### B. State-Law Claims

Remaining are Mr. Snyder's claims of negligence and vicarious liability claims, which are rooted in Indiana law. Because they were joined with his federal claims, the Court exercised supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. With all federal claims now

dismissed, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the state-law claims. For the reasons that follow, the Court relinquishes supplemental jurisdiction over Mr. Snyder's state-law claims and dismisses them without prejudice.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

"While the court's decision is discretionary, when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Petropoulos v. City of Chi.*, 2021 WL 1103480, at *9 (N. D. Ill. Mar. 23, 2021) (cleaned up). The presumption may be rebutted (1) if dismissal of the state claim would create problems under the statute of limitations; (2) if the court has "devoted substantial resources to the dispute;" or (3) "if it is easy to resolve the state-law claims." *Id.* (internal citations omitted).

The Court finds no reason to deviate from the usual practice in this case. The statute of limitations will not have run on Mr. Snyder's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also*

*Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). The Court has not expended significant resources on the pending state-law claims, and the Court does not expect that the parties' efforts with respect to those claims in discovery and briefing will go to waste. The evidence and legal research that would have been relevant in a federal case should be every bit as relevant in a state-court proceeding. Finally, as always, comity favors allowing state courts to decide issues of state law. For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over Mr. Snyder's state-law claims.

### III.  Conclusion

For the reasons explained above, the defendants' motion for summary judgment, dkt. [115], is **GRANTED** insofar as the Court grants judgment as a matter of law in the defendants' favor on Mr. Snyder's § 1983 claims. The Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

Final judgment consistent with this entry shall now issue. Mr. Snyder's § 1983 claims are **dismissed with prejudice**, and his state-law negligence and vicarious liability claims are **dismissed without prejudice**.

**IT IS SO ORDERED.**

Date:  08/25/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email